UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Julia E. Pavlck | : | |
| | : | Docket No. 16-16417-ref |
| | : | |
| Nationstar Mortgage  LLC | : | Chapter 13 |
| Movant | : | |
| Vs. | : | |
| | : | |
| Julia E. Pavlick | : | |
| Respondent | : | |
| And | : | |
| Richard Pavlick | : | |
| Additional Respondent | : | |
| Frederick L. Riegle, Esquire | : | |
| Trustee | : | |

**_RESPONSE TO MOTION FOR RELIEF FROM STAY_**

**_And MOTION FOR RELIEF FROM CO-DEBTOR STAY_**

AND NOW, comes the Respondent, Julia E. Pavlick, by and through his undersigned counsel, Michael J. McCrystal, Esquire and avers:

1. Admitted.

2. Admitted.

3. After reasonable investigation, debtor cannot admit or deny the truth or falsity of this averment and the same is deemed to be denied pursuant to the Federal Rules of Bankruptcy Procedure. To the extent that an answer is deemed to be required, the same is specifically denied and it is averred to the contrary.

4. Admitted

5. Denied as a conclusion of law to which no responsive pleading is required pursuant to the Federal Rules of Bankruptcy Procedure. To the extent an answer is required, it is admitted that Richard Pavlick is a co-signor on a mortgage secured by 2750 Rockdale Road, Slatington, PA 18080.

6. Denied as a conclusion of law to which no responsive pleading is required under the Federal Rules of Bankruptcy Procedure. To the extent that an answer is deemed to be required this averment is denied and it is averred to the contrary.

7. Denied as a conclusion of law to which no responsive pleading is required under the Federal Rules of Bankruptcy Procedure.

8. Denied, this averment is specifically denied and it is averred to the contrary. By way of further answer:

   a.     On 12/30/16, debtor, effected by ACH withdrawal, a payment for January 2017 in the amount of $2,2219.00

   b.     On 01/31/17, debtor, effected by ACH Withdrawal, a payment for February 2017 in the amount of $2, 167.07.

   c.     On  03/10/17, debtor, effected by ACH withdrawal, a payment for March 2017 in the amount of $2,200.00

   d.     On 04/18/17 , debtor, effected by ACH withdrawal, a payment for April 2017 in the amount of $2,219.00.

   e.     On  05/23/17, debtor, effected by ACH withdrawal, a payment for May 2017 in the amount of $2,219.00.

   f.      On 07/03/17 debtor, effected by ACH withdrawal, a payment for June  2017 in the amount of $2,167.07.

   g.     On 08/10/17 debtor, effected by ACH withdrawal, a payment for July  2017 in the amount of $2,167.07.

      h.      On 09/21/17, debtor, effected by ACH withdrawal, a payment for August  2017 in the amount of $2,167.07.

      i.      On 10/23/17, debtor, effected by ACH withdrawal, a payment for September 2017 in the amount of $2,170.00.

      j.      On 12/19/17, debtor, effected by ACH withdrawal, a payment for October  2017 in the amount of $2,170.00

9. Denied as a conclusion of law to which no responsive pleading is required under the Federal Rules of Bankruptcy Procedure.  To the extent that an answer is deemed to be required this averment is denied and it is averred to the contrary.

10. Denied as a conclusion of law to which no responsive pleading is required under the Federal Rules of Bankruptcy Procedure.  To the extent that an answer is deemed to be required this averment is denied and it is averred to the contrary.

11. Denied as a conclusion of law to which no responsive pleading is required under the Federal Rules of Bankruptcy Procedure.  To the extent that an answer is deemed to be required this averment is denied and it is averred to the contrary.

12. Denied as a conclusion of law to which no responsive pleading is required under the Federal Rules of Bankruptcy Procedure.  To the extent that an answer is deemed to be required this averment is denied and it is averred to the contrary.

13. Denied as a conclusion of law to which no responsive pleading is required under the Federal Rules of Bankruptcy Procedure.  To the extent that an answer is deemed to be required this averment is denied and it is averred to the contrary.

WHEREFORE, Respondent prays this Honorable Court to deny the Motion for Relief from the Automatic Stay and for such other and further relief as this Honorable Court will deem just and equitable.

Respectfully submitted,

/s/ Michael J. McCrystal

_____

Michael J. McCrystal, Esquire

Supreme Court ID No. 55064

2355 Old Post Road, STE 4

Coplay, PA 18037

610 262-7873