# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Richard Pavlick | Debtor | CHAPTER 13 |
| NATIONSTAR MORTGAGE LLC D/B/A MR.COOPER | Movant | NO. 16-16417 REF |
| vs. | | |
| Julia E. Pavlick | Debtor | 11 U.S.C. Sections 362 and 1301 |
| Richard Pavlick | Co-Debtor | |
| Frederick L. Reigle, Esq. | Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$877.88,** which breaks down as follows;

| | |
|---|---|
| Fees & Costs Relating to Motion: | $1,031.00 |
| Suspense Balance: | $153.12 |
| **Total Post-Petition Arrears** | **$877.88** |

2. The Debtors shall cure said arrearages in the following manner;

    a). Beginning on April 1, 2018 and continuing through September 1, 2018, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$2,169.58** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month, plus an installment payment of **$146.31 from April 2018 to August 2018 and $146.33 for September 2018** towards the arrearages on or before the last day of each month at the address below;

**Nationstar Mortgage, LLC**
P.O. Box 619094
Dallas, TX 75261-9741

    b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtors' attorney of the default in writing and

the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The undersigned seeks court approval of this stipulation.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date: March 23, 2018

By: *Kevin G. McDonald, Esquire*
Kevin G. McDonald, Esquire
Attorney for Movant

Date: 3/3,/18

Michael McCrystal
Attorney for Debtors

Date: 4/13/18

Frederick L. Reigle
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2018. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Richard E. Fehling